UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | **ORDER** |
| ALEXANDER MELO, | (S1) 19 Cr. 818 (PGG) |
| Defendant. | |

PAUL G. GARDEPHE, U.S.D.J.:

On August 4, 2021, Defendant Alexander Melo pled guilty before Magistrate Judge Lehrbuger to a superseding information charging him with two counts of using a telephone to commit, cause, or facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b).  (Plea Tr. (Dkt. No. 113) at 17-18)  In an August 5, 2021 order, this Court scheduled sentencing for December 10, 2021.  (Dkt. No. 109)  At Defendant's request, sentencing has been adjourned multiple times.  (Dkt. Nos. 139, 146, 150)  Sentencing is currently scheduled for February 17, 2022.  (Dkt. No. 151)

Melo pled guilty pursuant to a plea agreement.  The parties' plea agreement states that "[t]he total maximum term of imprisonment on Counts One and Two [of the (S1) Information] is eight years."  (Plea Agreement at 1)  The Sentencing Guidelines stipulation in plea agreement also references a statutory maximum sentence of eight years' imprisonment:

> Based upon the calculations set forth above, the defendant's Guidelines range would be 92 to 115 months' imprisonment.  However, pursuant to § 5G1.1(b), because the statutory maximum is 96 months' imprisonment, the stipulated Guidelines range is 92 to 96 months' imprisonment.

(Plea Agreement at 4)

Consistent with the plea agreement, at the August 4, 2021 plea hearing, Magistrate Judge Lehrburger informed Melo that "the maximum term of imprisonment for

pleading guilty to Count One and to Count Two, in each instance, is a maximum sentence of four years' imprisonment," and "[t]he total maximum term of imprisonment on Counts and Two together is eight years." (Plea Tr. (Dkt. No. 113) at 13)

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(H), before a court can accept a guilty plea, it must "inform the defendant of . . . any maximum possible penalty, including imprisonment." Fed. R. Crim. P. 11(b)(1)(H).

As to penalties, 21 U.S.C. § 843(b) provides as follows:

> Except as provided in paragraph (2), any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years, a fine under title 18, or both; <u>except</u> that if any person commits such a violation after one or more prior convictions of him for violation of this section, or for a felony under any other provision of this subchapter or subchapter II or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 8 years, a fine under title 18, or both.

21 U.S.C. § 843(d)(1) (emphasis added).

According to the plea agreement and the presentence report, Melo has a 2018 conviction in this District for narcotics conspiracy, in violation of 21 U.S.C. § 846, for which he received a 24-month sentence of imprisonment. (PSR (Dkt. No. 133) ¶ 66; Plea Agreement at 3) As a result of his prior Federal drug conviction, Melo faces a maximum sentence of eight years' imprisonment on each count of the (S1) Information, and a statutory maximum sentence of sixteen years' imprisonment.

The corrected statutory maximum sentence also affects application of the Sentencing Guidelines.

In the plea agreement, the parties stipulate that Melo is a "career offender" for purposes of the Sentencing Guidelines. (Plea Agreement at 4) The Guidelines career offender provision – U.S.S.G. § 4B1.1(b) – states that,

> [e]xcept as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.

U.S.S.G. § 4B1.1(b). Under that subsection's table, a statutory maximum of eight years' imprisonment corresponds to an offense level of 24, whereas a statutory maximum of sixteen years' imprisonment corresponds to an offense level of 29. Id. Because an offense level of 29 is higher than "the offense level otherwise applicable" – level 26 – "the offense level from the table in [U.S.S.G. § 4B1.1(b) would] apply." (Plea Agreement at 2; U.S.S.G. § 4B1.1(b)) After a three-level reduction for acceptance of responsibility, Melo's total offense level is 26. Offense level 26 at Criminal History Category VI results in a Guidelines range of 120 to 150 months' imprisonment. (Plea Agreement at 4; Plea Tr. (Dkt. No. 133) at 15)

By **February 17, 2022**, the parties will submit letters stating whether they agree or disagree with this Court's analysis concerning the applicable statutory maximum and Guidelines range. Defense counsel will also report as to whether Melo wishes this Court to accept his guilty plea to Counts One and Two of the (S1) Information. If so, the Court will supplement the Rule 11 proceeding by informing Melo as to the applicable statutory penalties and Guidelines range, and by questioning Melo as to whether he still wishes this Court to accept his guilty plea. The Government is also directed to respond to the Defendant's objections to the presentence report. (Def. Ltr. (Dkt. No. 152) at 3-4) The sentencing currently scheduled for **February 17, 2022,** is adjourned to **February 24, 2022 at 2:00 p.m.**

Dated: New York, New York
February 14, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge